Day, C. J.
The testator having died without issue, the plaintiff, his widow, claims his whole estate as the statutory heir. To this end she seeks to annul his entire will. The only ground upon which it is claimed to be void, is the uncertainty of the third clause.
The testator first bequeaths three thousand dollars to his wife. He then places the residue of his estate in the hands-of his executoi’, to be controlled by him during the life of his wife for her use. At her death he devotes it all to the advancement of the Christian religion, to be applied by the-executor in such manner as, in his judgment, will best promote that object. He thus creates a trust, and makes his executor the trustee of the fund. It is not disputed that the object sought to-be promoted by the third clause of the will is one of a charitable nature. It is well settled that bequests of this character are to receive a most liberal con *533 «traction, with a view of accomplishing the purpose of the .testator.
Guided by this rule, this case may be decided without an -elaborate consideration of the much-controverted question as to the limits of judicial power that may be exercised by courts of equity over charitable trusts.
Whenever a trust is established, and the subject of the trust is so certain that it maybe known to what it attaches, and its object is so defined that it may be known who is -the intended beneficiary, there is no question whether the trust be to a charitable use or not, but that it is valid, and may be enforced in equity. But however faultless the trust may be in other respects, if it be wanting in certainty as to its object, as a general rule, the trust must fail, or, what is the same thing, result to the benefit of those legally entitled to the trust property.
In England, however, courts of chancery, aided by the .statute of 43 Elizabeth in regard to charitable uses, find no difficulty in executing trusts of that character, however indefinitely the use may be declared in the instrument creating the trust; for the court, through a commissioner, may ■devise a scheme to carry it into effect.
How far the principles of that statute have entered into the jurisprudence of this state, we need not now undertake to determine. It is, however, worthy of remark, that the .adjudications of courts of last resort in this country, which do not entirely ignore the principles of the statute, have heretofore been regarded with favor by this court.
Although the power of the courts of this state to devise a scheme for the application of a vague charity, may well be questioned, it does not follow that the testator can not create an agency to do it for him; and it may be regarded as settled, that where a testator, creating a trust to a charitable use, defines the intention of the trust, and invests the 'trustee with discretionary power over the application of his bounty to the objects, or for the purpose intended, the be.quest will not be held invalid so long as there is no obstacle ■to the exercise of the power confided to the trustee, for the *534 exercise of the power may relieve the bequest of all objections arising out of its vague and indefinite character. Trustees of the McIntyre Poor School v. The Zanesville Canal and Manufacturing Co., 9 Ohio, 287; 17 Ohio St. 352; Urmey’s Ex’r v. Wooden, 1 Ohio St. 160; Grimes’ Ex’rs v. Harmon, 35 Ind. 198; Going v. Emery, 16 Pick. 107. Nor does' it make any difference, in this respect, whether the trust be of a mere administrative character in the hands of the executor, or whether it be confided to another. In either ease, the will of the testator may be ascertained and made certain by those to whom he has intrusted discretion and power for that purpose, and their acts may be justly regarded as the definite expression of his own purpose. Beekman v. Bonsor, 23 N. Y. 298; Fountain v. Ravenel, 17 How. 369; Moore’s Heirs v. Moore’s Devisees, 4 Dana, 354.
The will in question undeniably confers ample power upon the executor, to relieve the will of all uncertainty when the time arrives for its exercise, and there is no reason to suppose that it will not then be properly exercisedThete is no uncertainty as to the fact of the creation of this power by the testator. But, in effect, the plaintiff now seeks a judicial interposition to the exercise of the-power. It was expressly held in the case of Moore’s heirs, supra, that a court will not interpose, on the application of the heir, to prevent the exercise of such powers, though the will would otherwise be invalid for uncertainty. To> the same effect is Porter’s case, 1 Coke, 60.
If the general specification of the object of the trust created by the third item of the will, was not aided by a further-provision, its validity might well be questioned. But the-testator, as if aware of this, undertakes to remedy the defect, by investing his executor with power to specify the-particular use to which the trust fund should be applied to promote the general object named. Thus the testator provided a mode for ascertaining his will as to the specific application of his bounty, or who should be the beneficiaries of the trust. All uncertainty in relation thereto is to- *535 be determined by the judgment of the executor, or such person as he may appoint, in case of his own disability.
The executor has accepted the trust, and, for aught that appears, is able and willing to exercise his powers, at the proper time, in a manner that will unquestionably be for the advancement of the Christian religion. It is certainly possible for him to do so in a manner that will leave no doubt that he has faithfully accomplished the purpose of the testator.
The will can not, then, be avoided for uncertainty, without annulling the power conferred upon the executor to make it certain. The testator might have specified the objects of his bounty himself; or, if he preferred so to do, he had the undoubted right to empower another to do it for him, and thereby make his will, in relation to his beneficiaries, or the application of his bounty,'capable of being-rendered certain and specific.
So long, then, as the power thus conferred exists, ready to be exercised, and may be exercised in accordance with the will, the bequest can not be regarded so defective as to-be incapable of execution.
Nor is this result affected, whether the power be regarded as a mere naked power, or one of an imperative character; for, in either case, it was equally the will of the testator that the property, which consisted entirely of personalty, should remain in the hands of the executor, until the time arrived for the exercise of the power. Then an exercise of the power, whether voluntary or coercive, may equally make uncertainty certain, and carry the estate under the will, in promotion of the charity mentioned, to the beneficiaries designated by the trustee of the power. Until that time, the trust property should remain as directed by the will, to abide the execution of the power thereby conferred. Otherwise, the plain intention of the testator will be defeated.
If the trustee shall then fail to execute the trust, or should he abuse his power, or its exercise at any time become impossible, a more proper occasion will arise for the heir, or *536 attorney-general, to invoke the interposition of the courts. The questions that may then arise in connection with the will need not, nor indeed ought they to be, now anticipated.

Judgment for defendant.

McIlvaine, White, and Rex, JJ., concurring. Welch, J., not sitting.